Ms. Patti F. Martin, Chair Board of Examiners in Speech Pathology and Audiology P.O. Box 250345 Little Rock, AR 72225-0345
Dear Ms. Martin:
This is in response to your request for an opinion on several questions involving the Licensure Act of Speech Pathologists and Audiologists ("the Act"), which is codified at A.C.A. §§17-97-101—308 (Repl. 1992). Your questions are restated and answered below in the order posed.
 1. Whether para-educators, assistants or aides[1] to speech pathologists and audiologists can provide services to the public or practice speech pathology and audiology as defined under A.C.A. 17-97-103 (as amended by Act 1171 of 1991)[2] without a valid license issued by the Board under A.C.A. 17-97-301 et seq.?
I assume that the individuals in question do not fall under any of the exemptions set forth in § 17-97-104. It is my opinion that licensure is not required under the Act if these individuals are not presenting themselves to the public by any title or description of services such as that set forth under A.C.A. §§17-97-103(3) and (5). The relevant prohibition is found in §17-97-301(a), which states that "[n]o person shall practice or represent himself as a speech pathologist or audiologist in this state unless he is licensed in accordance with the provisions of this chapter." Consideration must also be given, however, to the definition of "speech pathologist," "speech pathology," "audiologist," and "audiology" under § 17-97-103.
The question of whether one who provides assistance to a speech pathologist or audiologist is practicing or representing himself as a speech pathologist or audiologist involves a factual inquiry beyond the scope of an Attorney General opinion. You have also asked me to assume, however, that the "para-educators, assistants or aides" include those who provide services that fall under the definition of speech pathology or audiology. A review of §§17-97-301 and 17-97-103 suggests that the inquiry must focus not merely on the services provided, but also on the title or description of service. It is clear under § 17-97-301(a) that one who "practice[s] . . . as a speech pathologist or audiologist" must be licensed. The terms "speech pathologist" and "audiologist" are defined, respectively, however, as:
 . . . An individual who practices speech pathology and who presents himself to the public by any title or description of services incorporating the words `Speech Pathologist,' `Speech Therapist,' `Speech Correctionist,' `Speech Clinician,' `Language Pathologist,' `Language Therapist,' `Legopedist,' `Communicologist,' `Voice Therapist,' `Voice Pathologist,' or any similar title or description or service [A.C.A. § 17-97-103(3) [emphasis added];
and:
 . . . an individual who practices audiology and who presents himself to the public by any title or description of services incorporating the words `Audiologist,' `Hearing Clinician,' `Hearing Therapist,' or any similar title or description of services [A.C.A § 17-97-103(5) (emphasis added)].
While § 17-97-301, supra, standing alone, might require licensure of one who, regardless of any title or description of services, practices speech pathology or audiology, this provision must, in my opinion, be read together with the definitional section. It should also be noted that the Act must be strictly construed in light of the criminal penalties imposed under A.C.A. § 17-97-105 for violations of the Act. See generally Bennettv. State, 252 Ark. 128, 477 S.W.2d 497 (1972).
It thus becomes apparent that your first question cannot be answered with a simple "yes" or "no." Rather, consideration must be given to the actual services provided, as well as the title or description of services employed by these persons. The title is, of course, not dispositive, if the description of services falls within that contemplated under § 17-97-103(3) and (5).
 2. If the answer to the first question is `no,' what action, if any, can the Board take against an unlicensed para-educator assistant or aide to a speech pathologist or audiologist?
As noted above, I cannot provide a "yes" or "no" answer to your first question, due to the factual nature of the inquiry. If, however, it is determined that regardless of the person's title as "para-educator, assistant or aide," the services provided and the description of service mandate licensure, the question arises whether the Board has the authority to enjoin the unauthorized activity. The Act does not specifically authorize the grant of an injunction to prevent illegal practice as a speech pathologist or audiologist.[3] Courts in other jurisdictions have adopted various approaches to the issue of an administrative board's injunctive powers in the absence of a clear grant of statutory authority. A good discussion of decisions in this area is found in 43A C.J.S. Injunctions §§ 133-135 (1978). As noted therein, it has been stated broadly that a court does not have jurisdiction to grant an injunction at the suit of public authorities except by virtue of express statutory authority or to abate a public nuisance. Id. at 253. It is noted that under some authorities, in the absence of special injunctive authority, the mere violation of a statute regulating a profession as, for instance, practicing without the required license, is not alone ground for an injunction. Id. at 259. It is pointed out, however, that notwithstanding this view, other decisions hold that injunction is a proper remedy to prevent acts of an unlicensed practitioner which are injurious to the public health and which constitute a public nuisance. Id. It has also been held that where there is another adequate remedy available, such as criminal penalties, and the statute does not provide for injunctive relief, an injunction to prevent the violation of a statute will be denied. Id. at 251.
This latter approach is reflected in the Arkansas Supreme Court's decision in Arkansas State Board of Architects v. Clark,226 Ark. 548, 291 S.W.2d 262 (1956). The State Board of Architects sought in that case to enjoin an individual from practicing architecture without a license. In affirming the trial court's dismissal of the complaint, the court held that the act provided an adequate remedy through the criminal penalties provision.226 Ark. at 553. The decision suggests, however, that injunctive relief may have been available had the proper showing been made. The court did not end the inquiry by citing to the absence of statutory authority for an injunction. Rather, it reviewed the pleadings and determined that there was no allegation that the acts complained of constituted a nuisance or a threat to the public health and welfare. Id. at 552. It is clear from the decision, however, that mere allegations of a public nuisance and threat to the public health and welfare are not sufficient. The court's quotation of the following language from a prior decision is illustrative:
 `The fact that appellee's conduct was of a character to constitute a nuisance is not within itself sufficient to authorize the use of an extraordinary process of injunction for the abatement thereof.'
Id. at 554, citing Smith v. Hamm, 207 Ark. 507,181 S.W.2d 475 (1944).
The court went on to apply a general rule found in AmericanJurisprudence, stating:
 While appellant . . . makes it clear that it is not relying on an injury to the property rights of an individual but on the ground of an injury to the public safety and welfare, yet we see no reason why it should not also be required to clearly show facts and circumstances which would entitle it to injunctive relief. [Emphasis added.]
Id.
It may be concluded from this case that the absence of statutory injunctive authority is not necessarily determinative. The court in Clark did, however, require a strong showing in order to obtain injunctive relief where the acts complained of are punishable as crimes. The court noted in a subsequent case that the party seeking an injunction ". . . carried a heavy burden of proof" in this regard. Ark. State Board of Pharmacy v.Troilett, 249 Ark. 1098, 1102, 463 S.W.2d 383 (1971). The court in Troilett quoted the Clark case, supra, as follows:
 In order to obtain relief by injunction against the commission of acts of a criminal character, `the court will require that the complainant clearly show such facts and circumstances in the particular case as will justify the court in granting the relief desired.'
Troilett, 249 Ark. at 1102.
While it is therefore my opinion that the Board is not necessarily foreclosed from seeking an injunction against an unlicensed practitioner, such action will involve a "heavy burden of proof." Any decision with regard to whether such action should be pursued must of necessity be made on a case by case basis.
 3. Whether para-educators, assistants, or aides to speech pathologists and audiologists can provide services to the public or practice speech pathology or audiology as defined under A.C.A. 17-97-103 (as amended by Act 1171 of 1991) in any of the following occupational settings without having a license from the board:
a. Public Schools;
 b. Private, non-profit corporations licensed by Developmental Disability Services of the Department of Human Services;
 c. State or federal government employees without valid and current credentials as a speech or hearing therapist from the Department of Education (A.C.A. 17-94-104);
 d. State or federal government employees with a valid current credential as a speech or hearing therapist issued by the Department of Education;
 e. Persons employed as speech pathologists or audiologists by the state or federal government.
A review of A.C.A. § 17-97-104, which sets forth various exemptions under the Act, indicates that the answer to this question is "yes" with regard to 3(a), (b), (d) and (e), if the services are performed "solely within the confines or under the jurisdiction of" the public school, private non-profit corporation, or state or federal government.[4] The answer to question 3(c) appears to be "no," if they are not employed as speech pathologists or audiologists and would otherwise be subject to the Act.
 4. Whether the Board has authority under A.C.A. 17-97-101 et seq., to create (by rule or regulation) a separate category of licensure for para-educators, assistants, or aides to speech pathologists or audiologists if they do not meet the eligibility requirements as outlined under A.C.A. 17-97-302, and the rules and regulations of the Board?
It is my opinion that the answer to this question is "no." It is well-established that an administrative agency may determine the particular facts and circumstances upon which operation of a legislative enactment is conditioned. See Hogue v. HousingAuthority of North Little Rock, 201 Ark. 263, 144 S.W.2d 49
(1940); McArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428
(1955). However, it does not have the power to legislate. Id.
Creation of a separate category of licensure would, in my opinion, constitute the exercise of legislative, rather than administrative, authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You state in your correspondence that the terms "para-educators, assistants or aides" mean "all persons, regardless of title, who provide assistance to a speech pathologist or audiologist, or who provide services that fall under the definition of speech pathology or audiology."
[2] Act 1171 of 1991 is codified at A.C.A. § 17-97-207 (Repl. 1992). This act did not amend A.C.A. § 17-97-103.
[3] The Act states that the board "shall administer, coordinate, and enforce the provisions of this chapter. . . ." A.C.A. § 17-97-202(a). The board may investigate violations of the Act. Id. Provision is made for criminal penalties for violations of the Act. A.C.A. § 17-97-105.
[4] The person must, additionally, hold a valid and current credential as a speech or hearing therapist issued by the Department of Education, unless he or she is employed as a speech pathologist or audiologist by the State of Arkansas or the Government of the United States. A.C.A. § 17-97-104(4). This also assumes that these persons would otherwise be subject to the Act.See response to Question 1, supra.